UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIS BARRY SCHROETER,<br><br>            Plaintiff,<br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, a bank and corporate entity organized under the laws of the United States of America, and domiciled in the State of South Dakota, in its own name and doing business as Wells Fargo Home Mortgage; and as successor in interest by merger to Wachovia Corporation, previously a north Carolina corporation, and its several wholly owned subsidiaries including, without limitation, Wachovia Mortgage; and as successor in interest to Golden West Financial Corporation, a Delaware corporation, and its several wholly owned subsidiaries including, without limitation, World Savings Bank, FSB, a federal savings bank, which were previously merged into Wachovia Corporation; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Civil No. 12cv2052 AJB (JMA)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WELLS FARGO'S MOTION FOR ATTORNEY'S FEES<br><br>(Doc. No. 19) |

On April 12, 2013, the Court granted Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss Plaintiff Phillis Barry Schroeter's ("Plaintiff") First Amended Complaint ("FAC").[1]  (Doc. No. 17.)  As a result, all of Plaintiff's claims were dismissed with prejudice and the Clerk of Court was instructed to enter judgment and close the case.

---

[1]  Wells Fargo is successor by merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB ("Wachovia"), f/k/a World Savings Bank, FSB ("World Savings Bank").

1

(*Id.* at 16:9-11.)  Presently before the Court is Wells Fargo's motion for attorney's fees and costs pursuant to California Civil Code §§ 1717 and 1032.  (Doc. No. 19.)  To date, Plaintiff has not filed an opposition to Wells Fargo's motion.  In accordance with Civil Local Rule 7.1.d.1, the Court finds the motion suitable for determination on the papers and without oral argument.  (Doc. No. 21.)  Accordingly, the motion hearing scheduled for June 27, 2013 is hereby vacated.  For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART Wells Fargo's motion for attorney's fees and costs.  (Doc. No. 19.)

## BACKGROUND

On or about March 28, 2006, Plaintiff borrowed $294,000.00 ("the Loan") from World Savings Bank, FSB ("World Savings Bank") to purchase her sister's interest in the property located at 6082 Hodson Street, San Diego, California 92120 (the "Property").  (Doc. No. 10 ¶¶ 5, 15.)  The Loan was memorialized by an Adjustable Rate Mortgage Note (the "Note") and secured by a Deed of Trust ("Deed of Trust") on the Property.[2]  (*Id.* at ¶¶ 5, 15, 16, Ex. C; Doc. No. 19, Defs.' RJN, Exs. C, D.)

After falling behind on Loan payments, Plaintiff initiated the instant action on August 20, 2012.  (Doc. No. 1.)  The Complaint alleged seven causes of action, including: (1) declaratory relief pursuant to 28 U.S.C. § 2201; (2) negligence; (3) quasi-contract; (4) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692, *et seq.*; (5) violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, *et seq.*; (6) accounting; and (7) extortion, 18 U.S.C. § 1951(b)(2).  (*Id.*)  On October 22, 2012, Wells Fargo filed a motion to dismiss and a motion to strike portions of the Complaint.  (Doc. Nos. 3, 4.).  On November 29, 2012, the Court granted Wells Fargo's motion to dismiss and denied as moot Wells Fargo's motion to strike.  (Doc. No. 9.)  Plaintiff subsequently filed the First Amended Complaint ("FAC") on

---

[2] Pursuant to Federal Rule of Evidence 201(b), the Court takes judicial notice of the Note and the Deed of Trust.  *See Castillo-Villagra v. I.N.S.*, 972 F.2d 1017, 1026 (9th Cir. 1992); *Daghlian v. DeVry Univ., Inc.*, 461 F. Supp. 2d 1121, 1146 (C.D. Cal. 2006).  Both documents were referred to in the FAC, and the Deed of Trust was attached to the FAC.  (Doc. No. 10, Ex. C.)

January 3, 2012, (Doc. No. 10), and Wells Fargo filed a motion to dismiss and motion to strike portions of the FAC on January 17, 2013, (Doc. Nos. 11, 12).  On April 12, 2013, the Court granted Wells Fargo's motion to dismiss with prejudice, and denied as moot the motion to strike.  (Doc. No. 17).  Judgment in favor of Wells Fargo was issued that same day.[3]  (Doc. No. 18.)

## DISCUSSION

Wells Fargo's now seeks attorney's fees in the amount of $9,860.00.  This amount consists of a flat fee of $7,800.00 for all work performed through dismissal of the case, and $2,060.00 for fees incurred to prepare and argue the instant motion.  (Doc. No. 19 at 6:20-21.)  Wells Fargo contends fees are warranted under California Civil Code §§ 1717 and 1032, as Wells Fargo was the prevailing party and both the Note and Deed of Trust contained fee clauses.  The Court first addresses the right to recover attorneys' fees and then assesses whether such fees are warranted in this case pursuant to the Note, Deed of Trust, and applicable law.

## I.     Right to Recover Attorneys' Fees Under Federal Law

"In an action where a federal district court exercises subject matter jurisdiction over a state law claim, so long as state law does not contradict a valid federal statute, state law denying the right to attorney's fees or giving a right thereto . . . should be followed."  *Avery v. First Resolution Mgmt. Corp.*, 568 F.3d 1018, 1023 (9th Cir. 2009) (citing *MRO Commc'ns, Inc. v. AT & T Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) (holding state law controls entitlement to attorneys' fees if the district court exercises subject matter jurisdiction over a state law claim)).  The procedure for filing a motion for attorneys' fees is generally governed by Federal Rule of Civil Procedure 54(d)(2), which provides that such motions shall be "filed no later than 14 days after entry of judgment."  Fed. R. Civ. P. 54(d)(2)(B)(I).

---

[3] Wells Fargo also requested judicial notice of the April 12, 2013 Order issued by this Court, (Doc. No. 19, Defs.' RJN, Ex. A), and the Judgment of Dismissal issued by the Clerk of Court, (*Id.* at Ex. B.)  This request is unnecessary as both documents were ordered by the Court and part of the docket for this case.

Here, Wells Fargo filed the instant motion on April 25, 2013, thirteen days after judgment was issued. Therefore, the motion is timely under Rule 54. Moreover, because California law does not conflict with a valid federal statute, Wells Fargo's right to attorney's fees will be assessed under state law. *See LaFarge Conseils at Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1339 (9th Cir. 1986).

### A.   Right to Recover Attorneys' Fees Under California Law

California law permits parties to allocate attorneys' fees by contract. *See* Cal. Civ. Proc. Code § 1021 ("Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . "). When attorneys' fees are to be awarded pursuant to a contractual agreement, the party requesting such fees must demonstrate: (1) that the fee award is authorized by the contract; (2) that they are the prevailing party; and (3) that the fees requested are reasonable. *See* Cal. Civ. Code § 1717; *see also LaFarge Conseils et Etudes, S.A.*, 791 F.2d at 1339.

Likewise, pursuant to California Code of Civil Procedure section 1032(b), "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." This is confirmed by California Code of Civil Procedure section 1033.5(a), which states that attorneys' fees, when authorized by contract, are allowable as costs under Section 1032. *See also Hsu v. Abbara,*, 9 Cal. 4th 863, 877 (Cal. 1995) (stating that under California law prevailing parties are entitled to contractual attorneys' fees as a matter of right and district courts have no discretion to deny such fees).

#### 1.   Attorney Fee Award is Authorized by the Parties' Contract

In order to collect attorney's fees under California Civil Code § 1717, the contract at issue must authorize the recovery of such fees. Wells Fargo argues that the right to recover attorney's fees is set forth in both the Note and the Deed of Trust. (Doc. No. 19 at 3:6-6:6.) For example, paragraph 7(E) of the Note provides that "[t]he Lender will have the right to be paid back by [Plaintiff] for all of its costs and expenses in enforcing

this Note to the extent not prohibited by applicable law.  Those expenses may include, for example, reasonable attorneys' fees and court costs." (Doc. No. 19, RJN, Ex. C at 4.) Similarly, the Deed of Trust also contains an attorneys' fees provision.  Paragraph Seven states:

> If: (A) [Plaintiff] do[es] not keep [the] promises and agreements made in this Security Instrument, or (B) someone, including [Plaintiff], begins a legal proceeding that may significantly affect Lender's rights in the Property (including but not limited to any manner of legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property.  Lender's actions may include, without limitation, appearing in court, paying reasonable attorneys' fees . . . . [Plaintiff] will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes . . .  This Security Instrument will protect Lender in case [Plaintiff] do[es] not keep this promise to pay those amounts with interest.

(RJN, Ex. D, p. 7.)

Here, Plaintiff's claims fall within the scope of the fee clauses in both the Note and Deed of Trust.  Plaintiff filed the instant action in an attempt to challenge Wells Fargo's right to enforce a security interest in the Property, which would have significantly affected Wells Fargo's rights and interest in the Property.  Therefore, the Court finds both the Note and Deed of Trust provide for an award of attorneys' fees in this case.

### 2. Wells Fargo is the Prevailing Party

The second requirement of California Civil Code § 1717 necessitates that the party requesting the recovery of attorneys' fees must have prevailed in the underlying suit.  To be a prevailing party, "the party must have received an enforceable judgment on the merits." *U.S. v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009) (stating that an enforceable judgment on the merits materially alters the legal relationship between the parties).  A dismissal with prejudice is considered an enforceable judgment because it materially alters the legal relationship between parties, such that the plaintiff is not permitted to amend the complaint and continue the litigation. *Id*. at 1196-97 (stating that "although a defendant may no longer have a claim pending against him or her upon dismissal, a

dismissal without prejudice does not materially alter the legal relationship of the parties, because the defendant remains subject to the risk of re-filing").

Here, the Court granted Wells Fargo's motion to dismiss as to all claims with prejudice. (Doc. No. 17 at 16:9-11.) As a result, Plaintiff was not granted leave to amend the FAC, and the Clerk of Court was instructed to enter judgment and close the case. (*Id.*) Therefore, under *Milner*, the parties' legal rights were altered because Wells Fargo was not subjected to the risk that Plaintiff would amend the FAC. Accordingly, the Court finds Wells Fargo is the prevailing party in the instant action.

### 3. Wells Fargo's Request for Fees are Reasonable

In calculating reasonable attorneys' fees, courts consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill necessary to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relations with the client; and (12) awards in similar cases. *LaFarge Conseils et Etudes, S.A.*, 791 F.2d at 1341-42. "The matter of reasonableness of attorney's fees is within the sound discretion of the trial judge." Stokes v. Marsh, 217 Cal. App. 3d 647, 656 (Cal. Ct. App. 1990); *see also Martinez v. Idaho First Nat'l Bank*, 755 F.2d 1376, 1378 (9th Cir.1985) (finding that a complete failure to consider these guidelines constitutes an abuse of discretion).

Here, Wells Fargo requests fees in the amount of $9,860.00, consisting of a $7,800.00 flat fee for all work performed through dismissal of the case, plus an additional $2,060.00 for fees to prepare and argue the instant motion. (Doc. No. 19 at 6:20-21.) Tim G. Ceperley had primary responsibility for defending the case and was assisted by

attorney Christopher A. Carr and paralegals Gabriel Hernandez and Malinda Sinclair.[4] (Doc. No. 19, Flewelling Decl. ¶ 3.) Their billing rates are $320.00 per hour, $330.00 per hour, $155.00 per hour, and $140.00 per hour, respectively. (*Id.*) The total hourly time for work performed on the case through dismissal was $10,338.50. (Doc. No. 19, Flewelling Decl. ¶ 6.) However, this case was billed to Wells Fargo at a flat fee of $7,800.00, thereby reducing the hourly cost to litigate the action by $2,538.50. (*Id.*) With regard to the instant motion, Wells Fargo maintains that paralegal Gabriel Hernandez spent 4.0 hours drafting the motion and Tim G. Ceperley spent 0.5 hours reviewing and revising the same. (Doc. No. 19, Ceperley Decl. ¶ 5.) Wells Fargo also anticipated that Tim G. Cerperly would spend an additional 3.0 hours reviewing Plaintiff's opposition and preparing a reply brief, and at least another 1.0 hour attending the motion hearing. As a result, Wells Fargo maintains the fees regarding the instant motion amounted to $2,060.00. (*Id.*)

The Court finds Wells Fargo provided sufficient support for their request for fees in the form of declarations by counsel and the firm's billing records. (Doc. No. 19, Flewelling Decl., Ceperley Decl.) Wells Fargo also supported their request by citing numerous cases in the Ninth Circuit, wherein the court awarded attorneys' fees in forfeiture actions similar to the instant case. *See e.g.*, *Ortiz v. Wells Fargo Bank, N.A.*, No. 11-04639-RGK, 2011 U.S. Dist. LEXIS 133882, at *9 (C.D. Cal. Nov. 10, 2011) (awarding $13,552.00 in attorneys' fees and finding defense council's hourly rates ranging from $275.00 to $330.00 per hour for attorneys, $135.00 to $170.00 per hour for paralegals, and 3.5 hours composing a motion for attorneys' fees reasonable); *Lopez v. Wachovia Mortg.*, 9-CV-02340-JAM-KJN, 2010 U.S. Dist. LEXIS 87444, at *10 (E.D. Cal. July 29, 2010) (awarding $12,224.00 in attorneys' fees and finding defense council's

---

[4] Tim G. Ceperley received his J.D. from Loyola Law School in 1983 and has twenty-five years of experience in civil litigation with an emphasis in commercial litigation. Christopher A. Carr received his J.D. from the University of Southern California School of Law in 1969 and has thirty-eight years of experience litigating commercial and real estate matters before state and federal courts. (Doc. No. 19, Flewelling Decl. ¶ 3.)

hourly rate of $320 per hour and 6.0 hours composing a motion for attorneys' fees reasonable). Plaintiff did not file an opposition to Wells Fargo's request for fees.

Therefore, the Court finds the flat fee in the amount of $7,800.00 for fees incurred to litigate the action through dismissal, and fees in the amount of $780.00 to prepare and review the instant motion for attorney's fees are reasonable.[5] However, because Wells Fargo did not need to review Plaintiff's opposition or attend the motion hearing, such fees may not be awarded.

## CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Wells Fargo's motion for attorney's fees. (Doc. No. 19.) Specifically, the Court awards a total of $8,580.00 in fees to Wells Fargo consisting of a $7,800.00 flat fee for work on the case through dismissal plus an additional $780.00 for work performed on the instant motion.

IT IS SO ORDERED.

DATED: June 19, 2013

Hon. Anthony J. Battaglia
U.S. District Judge

---

[5] $4.0 * \$155.00$ (Gabriela Hernandez) $+ 0.5 * \$320.00$ (Tim G. Cerperley) $= \$780.00$ (Doc. No. 19, Ceperley Decl. ¶ 5.)